JOHN P. BROGAN and Another, Respondents, v. WARREN R. WALLACE & Co., INC., and Others, Appellants.

Fourth Department, May 4, 1932.

*Harry H. Farmer,* for the appellants.

*Larkin & Gualtieri,* for the respondents.

TAYLOR, J. This action has proceeded as one at law to obtain payment for securities delivered by plaintiffs to defendant Warren R. Wallace & Co., a brokerage concern, under a contract for exchange of securities. Plaintiffs claimed that fraudulent misrepresentations led to their parting with their property and that they promptly rescinded the contract involved upon discovery of the true state of facts. If plaintiffs had received any property or benefits in the transaction, it would have been their duty upon rescinding to have fully and promptly restored such property to Wallace & Co. before bringing suit. (*Heckscher* v. *Edenborn,* 203 N. Y. 210; *Pryor* v. *Foster,* 130 id. 171.) The record shows that about November 28, 1930, plaintiffs transferred to defendant Camelo, a representative of defendant Wallace & Co., certain certificates of stock under an agreement that that company would bring about the transfer to plaintiffs of other stock; that on or about December 13, 1930, after some negotiations, Wallace & Co. mailed to plaintiffs certificates of shares in the Bank of United States and the Bankus Corporation; that on December fifteenth these certificates were returned by registered mail to the company, upon advice of counsel, with a statement, in substance, that plaintiffs elected to cancel the agreement they had made upon the ground of misrepresentations made by defendants when they obtained plaintiffs' securities; that on December twenty-seventh defendant Wallace & Co. again mailed the certificates to plaintiffs and requested them to indorse the certificates so that defendant Wallace & Co. could use them. It appears that, without any request by plaintiffs to them, defendants had had these certificates registered in plaintiffs' names in the books of the issuing corporations. On December twenty-ninth plaintiffs, through their counsel, again returned the certificates to Wallace & Co., stating that plaintiffs declined to indorse because they feared such action might be taken to be a recognition by plaintiffs of ownership rights in the stock. Plaintiffs have recovered a judgment against all the defendants, defendants Camelo and Rosenthal having been employees and representatives of defendant Wallace & Co. in the transaction.

The jury verdict implies a finding that plaintiffs never accepted the certificates from Wallace & Co., never had title to them or to the stock represented by them, and, therefore, that plaintiffs had

nothing to restore to Wallace & Co. upon rescinding and were not required to indorse the certificates to pass ownership to any one else. (Pers. Prop. Law, §§ 162, 170, as added by Laws of 1913, chap. 600.) We find no reason for criticising this finding.

The judgment against defendants Camelo and Rosenthal, however, cannot stand. They have not and never have had possession of the stock or certificates formerly belonging to plaintiffs. This is not an action for damages for fraudulent representations, but is in the nature of an action for moneys had and received. Therefore, judgment should go against defendant Wallace & Co. only.

As to defendants Camelo and Rosenthal, the judgment should be reversed on the law, with costs, and as to defendant Wallace & Co., the judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs as to the defendant Wallace & Company, Incorporated. Judgment as to the defendants Camelo and Rosenthal reversed on the law and facts, with costs, and complaint dismissed.